Robert K. Meyer, OSB #086470
1001 SW Fifth Avenue, Suite 1100
Portland, OR 97204
Phone: 503/ 471-2818
Fax: 503/220-1815
Email: robert@robertmeyerlaw.com

Attorney for Plaintiff

IN THE UNTIED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **STEVEN JACKMAN,** | Case No. _____ |
| Plaintiff, | COMPLAINT |
| v. | (FLSA Action) |
| **ROUSH INDUSTRIES, INC.** | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff on behalf of himself, by and through undersigned counsel, files this complaint against Defendant Roush Industries, Inc., a foreign corporation.

**Jurisdictional Allegations**

1.

This Court has jurisdiction over Plaintiff's claims for unpaid wages pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA"), and 28 U.S.C. §§ 1331.  This Court has supplemental jurisdiction over Plaintiff's state claims pursuant to 42 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.

2.

Venue is proper within the District of Oregon, Portland Division, pursuant to 28

U.S.C. § 1391(b) because all or substantially all of Plaintiff's claims arose in this judicial district.

**General Factual Allegations**

3.

Defendant was and is at all times herein mentioned a Michigan corporation. Defendant was and is engaged in business in Oregon, with a principal place of business in Multnomah County, Oregon.

4.

At all material times herein, Defendant was and is an "employer" within the meaning of the FLSA.

5.

At all material times herein, Defendant was and continues to be "an enterprise engaged in commerce" under the FLSA.

6.

At all material times herein, on information and belief, Defendant's annual gross revenue was over $500,000 per year.

7.

From on or about January 1, 2009 through June 5, 2013, Defendant employed Plaintiff as a test fleet driver.

8.

Defendant terminated Plaintiff's employment on or about June 5, 2013. Defendant has failed to pay Plaintiff for the unpaid overtime pay it owes Plaintiff.

9.

As a test fleet driver, Plaintiff test drove trucks only within Oregon. As a test driver, Plaintiff neither transported goods within interstate commerce, nor crossed state lines. As such, the motor carrier exemption did not apply to his employment.

10.

At various material times hereto, Plaintiff worked for Defendant in excess of forty (40) within a work week.

11.

At various material times hereto, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours.

12.

Plaintiff should be compensated at a rate of one and one-half times Plaintiff's regular rate of pay for those hours Plaintiff worked in excess of forty (40) per week, as required by the FLSA and Oregon law.

13.

After his termination, Plaintiff made a written demand for his unpaid overtime wages to Defendant.  Defendant failed to pay Plaintiff his unpaid overtime wages within two weeks of receiving the written demand.

## First Claim For Relief

### FLSA – Failure to Pay Overtime Wages

14.

Plaintiff realleges paragraphs 1 through 13.

15.

From beginning of his employment until June of 2011, Plaintiff worked in excess of forty (40) hours per week.

16.

Plaintiff was entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours per week.

17.

On information and belief, at various material times hereto, Defendant failed to pay Plaintiff one and one half-times his regular rate of pay for hours he worked in excess of forty (40) hours per week.

18.

Defendant's actions were willful and/or showed a reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one

and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due.

19.

Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

20.

Due to the willful and unlawful acts of Defendant, Plaintiff has suffered and continues to suffer damages and lost compensation for hours worked over forty (40) hours per week, plus liquidated damages, in an amount to be proven at trial.

21.

Plaintiff is entitled to recover his costs and attorneys' fees pursuant to 29 U.S.C. §216(b).

## Second Claim For Relief
## ORS 653.055, 653.261, 652.140, & 652.150 – Failure to Pay Overtime Wages

22.

Plaintiff realleges paragraphs 1 through 21.

23.

Defendant was required under Oregon law to pay Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of 40 hours per week, which it failed to do.

24.

Defendant is an employer in the State of Oregon subject to ORS 652.140(1), which requires that upon termination of employment all wages earned and unpaid at the time of such discharge or termination shall become due and payable not later than the end of the first business day after the discharge or termination.

25.

Defendant terminated Plaintiff's employment on June 5, 2013; therefore, "all wages earned and unpaid" were due paid in full by the end of June 6, 2013.  Plaintiff made a written demand for such wages on September 4, 2013.  As of the date of this complaint, Defendant has failed to pay Plaintiff overtime wages for all hours worked in excess of forty (40) hours per week despite Plaintiff's written demand for said wages.

26.

Plaintiff requests payment of said overtime wages at one and one half times his regular rate of pay and imposition of penalty wages on Defendant for the maximum thirty (30) day period provided by ORS 652.150 in the amount of $4,260, or upon proof at the time of trial. Because of Defendant's failure to pay Plaintiff earned but unpaid overtime compensation within one day of his termination, penalty wages continued to accrue for 30 days from the due date, including weekends, at his hourly rate upon discharge of $17.75, for eight hours per day.

### Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. Declaring pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA.
2. Overtime compensation in the amount due for Plaintiff's time worked in excess of forty (40) hours per work week;
3. Liquidated damages in an amount equal to the overtime award;
4. Penalty wages pursuant to Oregon law;
5. Prejudgment interest;
6. Reasonable costs and attorney fees;
7. For such other and further relief as the Court may deem just and equitable.

DATED this 1st day of October, 2013.

    /s/Robert Meyer
Robert K. Meyer, OSB #086470
Attorney for Plaintiff